**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2001**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HENRY JOHNSON,

    Defendant-Appellant.

No. 01-3028

(D.C. No. 00-CR-20056-V)
(D.Kan.)

**ORDER AND JUDGMENT***

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Henry Johnson appeals from his convictions of robbery affecting interstate commerce and aiding and abetting, 18 U.S.C. §§ 1951 and 2, and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, 18 U.S.C. §§ 924(c) and 2. Johnson contends the Hobbs Act, as applied to the quintessential state crime of department store robbery, is an unconstitutional exercise of Congress' power to regulate under the Commerce Clause. He argues that, in order for the Hobbs Act to constitutionally apply, it must be proven that the specific acts underlying the crime substantially affect interstate commerce rather than the standard of a de minimis showing of effect on interstate commerce applied in his case. We affirm.

This precise argument was recently addressed in United States v. Morris, 247 F.3d 1080, 1085-87 (10th Cir. 2001). In Morris, this court noted that established circuit precedent had upheld the requirement of only a de minimis showing of effect on interstate commerce for application of the Hobbs Act, even in light of the Supreme Court's decisions in Jones v. United States, 529 U.S. 848 (2000); United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995). "[U]nder Lopez, the fact that any robbery may have had only a de minimis effect on interstate commerce does not render regulation of that activity an unconstitutional exercise of congressional power." Morris, 247 F.3d at 1087. As Morris is controlling precedent, this panel must be guided by it and Johnson's constitutional challenge of the

2

Hobbs Act must fail.  See <u>In re Smith</u>, 10 F.3d 723, 724 (10th Cir. 1993).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge