FILED
United States Court of Appeals
Tenth Circuit

February 1, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HENRY JOHNSON,

    Defendant - Appellant.

No. 11-3299
(D.C. No. 2:00-CR-20056-CM-1)
(D. Kan.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Henry Johnson II, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Johnson v. United States, No. 00–20056–1–CM, 2011 WL 3880854 (D. Kan. Sept. 2, 2011). After the district court rejected his motion as time-barred, Mr. Johnson filed an application to file a second or successive § 2255 motion in this court raising the same issues. 28 U.S.C. § 2255(h). A panel of this court denied authorization, but directed the Clerk to treat Mr. Johnson's application as a misdirected notice of appeal. In re Johnson, No. 11-3287 (10th Cir. Oct. 7, 2011). Because Mr.

Johnson has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

Mr. Johnson was convicted in 2001 upon a guilty plea of robbery affecting interstate commerce and aiding and abetting, 18 U.S.C. §§ 1951 and 2, and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, 18 U.S.C. §§ 924(c) and 2. He robbed a Montgomery Ward store in Kansas City, Kansas, with a shotgun. He does not deny that he committed the robbery but alleges that "no interstate commerce nexus connection has been shown to exist." Aplt. Br. 5. He also claims his sentence was incorrectly calculated under the guidelines. Id. at 8-10. His interstate-commerce argument was rejected on direct appeal. United States v. Johnson, 18 Fed. Appx. 765 (10th Cir. 2001).

A one-year statute of limitations applies to habeas claims under 28 U.S.C. § 2255. For Mr. Johnson this period expired on February 16, 2002, one year from the date on which the Supreme Court made the judgment "final" by denying his petition for a writ. 28 U.S.C. § 2255(f)(1). For equitable tolling to apply, Holland v. Florida, 130 S. Ct. 2549 (2010), petitioner must show (1) that he has been "pursuing his rights diligently" and (2) that "some extraordinary circumstance stood in his way" to prevent timely filing. Id. at 2562. Mr. Johnson alleges no such circumstance, nor does he explain why this writ is being sought nearly a decade after his conviction became final.

Where a district court dismisses a § 2255 motion on procedural grounds, a COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court's ruling concerning the time bar is not reasonably debatable. We need not address whether Mr. Johnson's substantive claims pose reasonably debatable issues. Id.

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge